**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Emilio Encarnacion</u>

      v.                           Civil No. 07-cv-056-PB

<u>State of New Hampshire</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Emilio Encarnacion's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The petition is before me for preliminary review to determine, among other things, whether it states a claim upon which relief might be granted. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons discussed herein, I recommend that Encarnacion's petition be dismissed.

<u>Standard of Review</u>

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district

judge whether the action, or any portion thereof, should be
dismissed because:

> (i) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, or seeks
> monetary relief from a defendant who is immune
> from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter
> jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting a preliminary review, the Court
construes pro se pleadings liberally.  See Ayala Serrano v.
Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following
Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  Ahmed
v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,
Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the petitioner and inferences reasonably drawn therefrom
must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual

2

averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).  Applying this standard, the facts alleged by Encarnacion are as follows.

Background

On June 19, 1995, Encarnacion was arrested for criminal threatening, a misdemeanor, after a domestic dispute with his wife.  He was held in custody for three weeks before seeing an attorney or a judge.  After three weeks, his arraignment was held in the Manchester District Court ("MDC") and cash bail was set.  His attorney never sought a bail reduction and Encarnacion was unable to post bail, so he remained in custody until November 3, 1995, when he was returned to the MDC to answer the charge against him.  At that time, Encarnacion's attorney advised him to plead nolo contendere to the charge.  Encarnacion followed that advice and was convicted upon his plea.[1]

---

[1]Encarnacion does not reveal his exact sentence.  The sentence could not have exceeded twelve months imprisonment and a fine, however, as that is the maximum sentence a New Hampshire District Court can impose for a misdemeanor offense.  <u>See</u> N.H. Rev. Stat. Ann. 651:2(II)(c) (setting one year maximum sentence for misdemeanor offense).

At the time that he received his attorney's advice to plead guilty, Encarnacion claims that he was aware that he was likely to be charged with a federal offense in the future, as a result of an ongoing federal investigation.  Encarnacion asserts that his State court counsel was also aware of the probability that federal charges against Encarnacion would be forthcoming. Nonetheless, Encarnacion claims that his attorney failed to advise him that his conviction on the criminal threatening charge could cause any federal sentence Encarnacion received in the future to be enhanced.[2]  Encarnaction was ultimately charged, convicted, and sentenced on federal charges.  Encarnacion alleges that the 1995 misdemeanor conviction challenged here did, in fact, enhance his sentence by up to three years.

On May 15, 2001, Encarnacion filed a motion in the MDC seeking to vacate his plea and reopen his case for a new trial, alleging a number of constitutional infirmities with his misdemeanor conviction.  On March 15, 2002, the MDC denied the motion on the grounds that it was untimely.  See N.H. Rev. Stat.

---

[2]Encarnacion also claims that his counsel failed to advise him of all of the trial-related rights he was giving up by entering his nolo contendere plea and foregoing a trial, including his right to have the prosecution prove each element of the offense against him by competent evidence, and his right to call witnesses in his defense.

4

Ann. 526:4 (mandating the denial of a new trial request if it is
not filed within three years after conviction).  Encarnacion
appealed the MDC's decision to the New Hampshire Supreme Court,
which declined the appeal on August 23, 2002.

On May 23, 2006, Encarnacion filed another motion in the
MDC, entitled "Motion to Vacate Pursuant to Habeas Petition or
Writ of Coram Nobis."  The MDC interpreted the pleading as a
petition for a Writ of Coram Nobis, and on July 12, 2006, denied
Encarnacion relief, on the grounds that the MDC lacked
jurisdiction to entertain an extraordinary writ.  Encarnacion
then refiled his motion in the State Superior Court.  That motion
raised, again, a number of alleged constitutional infirmities in
Encarnacion's 1995 misdemeanor conviction and urged the court to
issue a Writ of Error Coram Nobis, correcting what he claimed was
his erroneously obtained 1995 conviction by vacating the
conviction.  The Superior Court denied relief.  Encarnacion
appealed to the New Hampshire Supreme Court, which declined his
appeal on October 26, 2006.

Encarnacion now files a petition for a Writ of Habeas Corpus
in this Court.  Encarnacion does not State what claims he intends
to raise here.  Construing the petition liberally, as I must, I

will assume Encarnacion intends to raise all of the federal

constitutional claims that he has raised, and exhausted, in the

State courts.[3]

Discussion

1.   "In Custody" Requirement

     A.   Section 2254

     Section 2254 confers jurisdiction on this Court to issue

"writs of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court . . . on the ground that he is

in custody in violation of the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2254(a).  Accordingly, to

seek habeas relief under § 2254, Encarnacion must allege both

that his State conviction or sentence violates some right

accorded to him under federal law, and that he is in custody

pursuant to that State conviction or sentence.  Encarnacion is

currently incarcerated pursuant to a federal conviction.

Encarnacion was released from the sentence he received for his

State misdemeanor conviction more than ten years ago, and is

---

[3]These claims allege violations of Encarnacion's federal
constitutional rights that accrued to him as a result of his
prosecution on the criminal threatening charge.  Because I
recommend that the petition be dismissed on grounds not related
to the substance of the alleged constitutional violations, there
is no need to detail the claims here.

therefore not in custody pursuant to a State court conviction.
Accordingly, I recommend that Encarnacion's § 2254 petition be
dismissed.

B.    Section 2255

    Although I have construed Encarnacion's petition under §
2254, reading the petition generously, I find that Encarnacion
also attempts to argue that his federal sentence was
unconstitutionally enhanced by up to three years because the
federal sentencing court relied, for that enhancement, on an
unconstitutional State court conviction.  Such a claim challenges
Encarnacion's confinement pursuant to his federal conviction, and
is therefore not properly considered as a § 2254 challenge to his
confinement.  Instead, that claim must be brought pursuant to 28
U.S.C. § 2255, which provides the means for a federal prisoner to
assert a claim that his federal sentence is unconstitutional.
See Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002) (a
federal prisoner may ask the court to set aside or correct his
sentence on the grounds that the sentence was imposed in
violation of federal law under § 2255).  Encarnacion has
previously filed several § 2255 petitions in this Court, all of

which have been denied or dismissed with prejudice.[4]

Accordingly, if I were to construe the instant petition under §
2255, I would have to recommend that it be dismissed, as this
Court is prohibited from considering successive petitions filed
pursuant to § 2255.  See Munoz v. United States, 313 F.3d 151,
152-153 (1st Cir.), cert. denied, 540 U.S. 1025 (2003) (finding
that 28 U.S.C. § 2244's prohibition against second or successive
habeas petitions includes a prohibition against successive § 2255
petitions).

2.   Timeliness of the Petition

Even if Encarnacion was "in custody" for purposes of
obtaining habeas relief in this case, however, I would recommend

---

[4]See Encarnacion v. United States, Civ. No. 99-cv-538-JD
(Motion to Vacate Under § 2255 filed Nov. 15, 1995 and denied
Jan. 25, 2000); Encarnacion v. United States, Civ. No. 02-cv-015-
JD (Petition for Writ of Error Coram Nobis filed Jan. 14, 2002
and denied Feb. 5, 2002); Encarnacion v. United States, Civ. No.
05-291-JD (Petition for Writ of Error Audita Querela filed Aug.
18, 2005 and dismissed with prejudice Jan. 6, 2006).  In response
to Encarnacion's 2005 challenge to his federal sentence, the
Court, in dismissing the action, advised Encarnacion that any
motion filed in the District Court that challenges the
constitutionality of his federal conviction or sentence must be
considered as a § 2255 motion, and further, that any § 2255
petition Encarnacion files in this Court would be dismissed as a
second or successive petition.  Id. (citing Munoz v. United
States, 331 F.3d 151, 152-53 (1st Cir.), cert. denied, 540 U.S.
1025 (2003)).

that the petition be dismissed as untimely.[5]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, sets a one-year limitations period for federal habeas petitions filed pursuant to § 2254.  28 U.S.C. § 2244(d)(1). AEDPA's one-year limit ordinarily runs from the time that the State court judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  As previously noted, Encarnacion's conviction was entered, pursuant to his nolo contendere plea in the MDC on November 3, 1995.  Because Encarnacion was convicted prior to the effective date of AEDPA, April 24, 1996, he would have been able to file his petition within one year of AEDPA's effective date, or until April 24, 1997.  David v. Hall, 318 F.3d 343, 344 (1st Cir.), cert. denied, 540 U.S. 815 (2003) (citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999)).  Encarnacion commenced this action on March 2, 2007, almost ten years later.

---

[5]This Court is permitted, but not obliged, to consider, sua sponte, the timeliness of a § 2254 habeas petition.  Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).  Given the length of time that has passed since the apparent expiration of the limitations period in this case, it is in the interests of justice and judicial economy to address the issue of the petition's timeliness at this time.

Statutory exceptions to the one-year limitations period
exist where an untimely filing was caused by the State, new
constitutional rights created by the Supreme Court, or newly
discovered facts underpinning the claim.  David, 318 F.3d at 344;
28 U.S.C. § 2244(d)(1)(B)-(D).  Encarnacion has not alleged any
facts supporting any of these exceptions, however, and I find
they are not applicable in this case.

AEDPA further excludes from the one-year limitations period
"[t]he time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending . ..."  28 U.S.C. §
2244(d)(2).  While the limitations period is stopped from running
during the pendency of properly filed post-conviction State court
litigation, it is not reset or restarted by post-conviction
litigation initiated after the AEDPA limitations period has
expired.  See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir.
2005) (post-conviction State court litigation filed after AEDPA's
limitations expire do not stop or reset the clock).  Between the
time of his conviction and the filing of this action, Encarnacion
did seek some post-conviction relief in the State courts.
However, Encarnacion's petition indicates that he did not

commence his post-conviction litigation until May of 2001, four years after his limitations period expired.  As noted above, post-conviction litigation commenced after the expiration date cannot serve to restart or reset the limitations period.

I find that this § 2254 petition is not timely filed.  I recommend that the petition be dismissed on that basis as well as on the grounds that petitioner is not in custody pursuant to a judgment of a State court.

<u>Conclusion</u>

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:      April 9, 2007

cc:        Emilio Encarnacion, pro se

11